VENNERBECK & CLASE CO. *vs.* ESTATE OF CHARLES I. MARKHAM.

JUNE 25, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This probate appeal is before the court on exceptions to the decision of the Superior Court permitting the petitioners to amend their claim duly filed against the respondent.

Mr. Markham died April 9, 1926. The notice for his creditors to file their claims against his estate was first published May 21, 1926. October 15, 1926, the petitioners filed their claim for $26.93. More than six years thereafter, namely, February 1, 1933, petitioners filed a petition asking for permission to amend their claim by increasing the amount to $4,354.16. The probate court denied the petition. Petitioners appealed to the Superior Court. That court, after hearing, granted the petition. Several creditors, whose claims had been duly filed, excepted to this decision.

It appears that petitioners transacted business with Mr. Markham and that at his request it entered these transactions under two accounts: one was against Mr. Markham personally and amounted to $4,354.16, and the other was against Markham & Co. and amounted to $26.93. On October 15, 1926, a claim against his estate for only this latter account was filed. Mr. Vennerbeck testified that the filing of the claim for only $26.93 was due to his neglect and that the mistake was not discovered until January, 1933. A petition was then filed in the probate court for permission to amend the claim filed. The probate court denied the petition on the ground that it had no jurisdiction to allow the amendment. We are of the opinion that this ruling was correct and that the Superior Court erred when it reversed the same.

A court of probate has special and limited jurisdiction and can exercise it only in the manner and to the extent conferred by statute. *Thompson* v. *Clarke*, 46 R. I. 307;

*People's Savings Bank* v. *Wilcox*, 15 R. I. 258; 15 C. J. 1011. The statute provides that all persons having claims against the estate of a deceased person shall file statements of their claims within six months from the first publication of the notice of the qualification of the first administrator, and that claims not filed within one year from said publication shall be barred. §5496, G. L. 1923.

In *Anderson* v. *Williams*, 26 R. I. 64, this court said that the object of the statute requiring the presentation and proof of claims against the estates of deceased persons was to "facilitate the settlement of the estates and to make all the prescribed steps towards the distribution of the estate conclusive when they have once been taken." The court also said that it could "not concede the right of a creditor who has stated a claim for a definite sum of money, for services rendered in a definite period of time, to sue for other services rendered outside of that period or for an amount of money greater than that originally claimed." See also *White* v. *Almy*, 34 R. I. 29. It is generally held that a claim cannot be amended after the time limited for presenting claims has expired—annotation, 76 A. L. R. 1380—and that the allowance of a claim operates as an adjudication between the parties which is binding upon both parties. 24 C. J. 382.

We find nothing in *Potter* v. *Harvey*, 34 R. I. 71, which is inconsistent with what we have said. In that case the court held only that a claimant could not split his claim for services against the deceased and, by filing two claims within the time limited, gain a preference by the inadvertant failure of the administrator to disallow the second claim filed.

The exceptions are sustained; the decision of the Superior Court is reversed and the case is remitted to the Superior Court with direction to enter an order dismissing the appeal and confirming the decree of the probate court.

*Stockwell & Chace, Elmer S. Chace*, for petitioner.

*Francis J. O'Brien, James J. Corrigan, William E. Boyle*, for respondents.